UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAURICE GODFREY,<br><br>                    Plaintiff<br><br>     v.<br><br>DARIN F. IMLAY, *et al.*,<br><br>                    Defendants | Case No. 2:22-cv-02020-CDS-VCF<br><br>ORDER DISMISSING AND<br>CLOSING CASE |

Plaintiff Maurice Godfrey brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Clark County Detention Center. ECF No. 1-1. On December 16, 2022, this court ordered Godfrey to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee on or before February 15, 2023. ECF No. 3. The court warned Godfrey that the action could be dismissed if he failed to file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $402 filing fee for a civil action by that deadline. *Id.* at 2. That deadline expired and Godfrey did not file a fully complete application to proceed *in forma pauperis*, pay the full $402 filing fee, or otherwise respond.

I.     **DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

1  risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

2  merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab.*

3  *Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

4          The first two factors, the public's interest in expeditiously resolving this litigation and

5  the court's interest in managing its docket, weigh in favor of dismissing Godfrey's claims. The

6  third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a

7  presumption of injury arises from the occurrence of unreasonable delay in filing a pleading

8  ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.

9  1976). The fourth factor—the public policy favoring disposition of cases on their merits—is

10  greatly outweighed by the factors favoring dismissal.

11          The fifth factor requires the court to consider whether less drastic alternatives can be

12  used to correct the party's failure that brought about the court's need to consider dismissal. *See*

13  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic

14  alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord*

15  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive

16  force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives

17  prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial

18  granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have

19  been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before

20  finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v.*

21  *Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until

22  and unless Godfrey either files a fully complete application to proceed in forma pauperis or pays

23  the $402 filing fee for a civil action, the only alternative is to enter a second order setting another

24  deadline. But the reality of repeating an ignored order is that it often only delays the inevitable

25  and squanders the court's finite resources. The circumstances here do not indicate that this case

26  will be an exception:  there is no hint that Godfrey needs additional time or evidence that he did

27  not receive the court's order.  Setting another deadline is not a meaningful alternative given

28  these circumstances. Accordingly, the fifth factor favors dismissal.

II.     CONCLUSION

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Godfrey's failure to file a fully complete application to proceed in forma pauperis or pay the full $402 filing fee in compliance with this court's December 16, 2022, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Godfrey wishes to pursue his claims, he must file a complaint in a new case.

DATED: March 7, 2023

_____
UNITED STATES DISTRICT JUDGE